# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Daniel Edward Johnson, Respondent.

Appellate Case No. 2021-000262

———————

Opinion No. 28043
Submitted June 17, 2021 – Filed July 7, 2021

———————

## DISBARRED

———————

Disciplinary Counsel John S. Nichols and Senior
Assistant C. Tex Davis Jr., both of Columbia, for the
Office of Disciplinary Counsel.

Daniel Edward Johnson, of Blythewood, Pro Se.

———————

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to
disbarment, and agrees to pay costs.  We accept the Agreement and disbar
Respondent from the practice of law in this state.  The facts, as set forth in the
Agreement, are as follows.

## I.

On September 18, 2018, Respondent was indicted by a federal grand jury on
twenty-six counts of wire fraud, mail fraud, conspiracy, and theft of federal funds.
In addition, on September 20, 2018, Respondent was indicted by the State Grand
Jury on three counts of misconduct in office and embezzlement of public funds.  At
the time of these indictments, Respondent was the Solicitor for the Fifth Judicial

Circuit, and the charges stem from Respondent misusing office funds for personal expenses.

On February 26, 2019, Respondent pleaded guilty to one count of wire fraud in federal court. The remaining federal charges were dismissed. On June 4, 2019, Respondent was sentenced to one year and a day in federal prison to be followed by supervised release for three years. Respondent was ordered to pay $19,270.80 in restitution to the Kershaw County Solicitor's Office. Respondent was released from federal prison in May 2020. Respondent's state criminal charges are still pending. Respondent has pleaded not guilty to all of the pending state charges.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and Rule 8.4(d) (conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent also admits his conduct constitutes grounds for discipline under Rule 7(a)(1), Rule 413, SCACR (violation of the Rules of Professional Conduct).

In the Agreement, Respondent consents to disbarment and requests this sanction be imposed retroactively. Respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (Commission) and that he will complete the Legal Ethics and Practice Program Ethics School prior to seeking reinstatement.

## II.

We accept the Agreement and disbar Respondent from the practice of law in this state. We decline to impose this sanction retroactively. Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR, and he shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court. Within thirty days of the date of this opinion, Respondent shall pay or enter into a reasonable payment plan to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Prior to seeking readmission, Respondent shall complete the Legal Ethics and Practice Program Ethics School and demonstrate that he has completed all conditions of his federal criminal sentence and any state criminal sentence, including restitution. *See* Rule 33(f)(10), RLDE, Rule 413 SCACR.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**